JOSEPH H. WOLFE, *Plaintiff in Error,* v. R. S. HALL AND H. L. ANDERSON, PARTNERS, DOING BUSINESS UNDER THE STYLE OF PARK HOTEL COMPANY, *Defendants in Error.*

1.  In the action of forcible entry and detainer, it is essential that it should appear from the evidence that the defendants were in possession of the property at the time when the action was commenced and the burden of proof on this point is upon the plaintiff in the action.

2.  When the plaintiff fails to make out a case in the trial court and his failure is not attributable to any ruling of that court,

any error that may have been committed on the trial becomes immaterial.

This case was decided by Division B.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*D. C. Campbell,* for Plaintiff in Error;

*E. J. L'Engle* and *M. H. Long,* for Defendants in Error.

HOCKER, J.—The plaintiff in error as plaintiff below on the 21st of February, 1910, filed his petition in the Circuit Court of Duval County against the Park Hotel Company alleging that the said company "have forcibly turned him out of and withholds from him possession of certain real estate described as follows: The Park Hotel Rathskeller and Cafe in the Park Hotel which is situate, lying and being on the Northwest corner of Hogan and Adams Streets in the City of Jacksonville, county of Duval and State of Florida; whereof said petitioner prays restitution of possession and his damages." On the 24th day of May, 1910, the case was tried and the jury having found a verdict for the defendant company, a judgment in its favor was entered, to which a writ of error was issued from this court.

There are many assignments of error, but from our view of the facts and the law applicable to them, it is not necessary to examine these assignments in detail.

On the 24th of January, 1910, the plaintiff occupying the Rathskeller and Cafe of the Park Hotel was forcibly evicted by a Mr. Fullerton who plaintiff claims was acting

under the orders of the Park Hotel Company. The company deny that they authorized the eviction. It appears that on the day of the eviction the plaintiff accompanied by his attorney, Mr. Campbell, went to the office of H. L. Anderson, one of the partners and asked to be reinstated. This Anderson refused to do. Some days afterwards Messrs. Irwin and Lowry began negotiations with the Park Hotel Company for the purchase of the lease of the Park Hotel. Mr. Campbell was the attorney of Irwin and Lowry. These negotiations led to Messrs. Irwin and Lowry being put into such possession of the Park Hotel on the morning of the 21st of February, 1910, as enabled them to run and operate the hotel, they paying all expenses of operation and getting all the net proceeds from that time, including the whole of the 21st of February. Such appears to have been the situation as to the possession of the hotel when Mr. Wolfe commenced this suit. To be more explicit on the subject of the possession of the hotel, we will briefly state the substance of the testimony of the witnesses on that point.

Mr. Wright, a witness for the plaintiff, says that he was Hotel Clerk of the Park Hotel from the 8th of January (1910) ; that from the 21st of February, he was in the employment of Irwin and Lowry; that his salary began with them on the 21st of February, as did all other salaries of the help around the hotel; that he was in charge of the receipts; that he made out the pay rolls, and the salaries were paid by capital put in by Irwin and Lowry to begin the business. Irwin and Lowry were around the hotel and gave instructions, and it was under their management.

Mr. Lowry, a witness for the plaintiff, says that previous to 1st of March, Mr. Thagard directed the affairs of the hotel, and turned over to Irwin and Lowry all

receipts, less disbursements, from and including 21st of February; that the hotel was operated for benefit of himself and Irwin from and including the 21st of February; that he and his partner were around the hotel during that time, he was making up the inventory from the 21st of February up to March 1st.

E. P. Thagard, witness for defendant company says, that he was General Manager of the Park Hotel; that he stayed in the hotel up to the 1st of March, as it was understood he should do. He stayed there to collect the bills due his company and settle its debts, and also aided both sides as he kept separate all the moneys received from the operation of the hotel after it was turned over; that Irwin and Lowry were in active charge of the Hotel all the time after it was turned over. That inventories were completed and turned over to Irwin and Lowry on March 1st. That the Hotel was turned over to Irwin and Lowry on the 21st of February.

H. L. Anderson testifies that it was agreed with Irwin and Lowry, they should have the proceeds of the Hotel from the morning of 21st of February. It was found necessary to have some one there familiar with the old business to collect bills and pay bills the business owed, and that Thagard stayed there for these purposes only, so far as he and his partner were concerned. Anderson and Hall's direction and charge of the Hotel terminated on the morning of the 21st February. For arranging for certain payment the assignment of the lease and a mortgage were placed in the Florida National Bank on the 26th of February, and certain inventories had to be verified.

Thagard testified he turned over the inventories on the 1st of March. If when this suit was brought the possession of the Hotel had been transferred to Irwin and Lowry, and was no longer in the possession of Anderson

and Hall, this action cannot be sustained. 19 Cyc. 1142. The burden of showing that the defendants were in possession of the property at the time of commencing the suit was on the plaintiff. 19 Cyc. 1163. 13 Am. and Ency. Eng. Law (2nd ed.), p.

There is no proof showing that this suit was brought before Irwin and Lowry took possession of the Hotel on the morning of the 21st February. Neither is there any proof that there was the slightest collusion between Anderson and Hall on the one part, and Irwin and Lowry on the other.

We think the plaintiff in error failed to make out a case 'n the trial court, and that any error the court may have committed in the trial is immaterial. The jury could not reasonably have found any other verdict than for the defendants.

The judgment below is affirmed.

TAYLOR and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.